STATE OF CONNECTICUT
*vs.*
ROGER B. NELSON, CLARA B. McTERNAN and
WILLIAM A. GOODRICH

| Superior Court | New Haven County | File Nos. 6222, |
| | At Waterbury | 6223, 6224 |

MEMORANDUM FILED AUGUST 3, 1939. 126 Conn. 412

*William B. FitzGerald,* of Waterbury, for the State.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Defendants.

WYNNE, J.    Section 6246 of the General Statutes, Revision of 1930, which is under attack by these demurrers, differs in one aspect of great legal significance from the Massachusetts statute which was upheld in *Commonwealth vs. Gardner,* ... Mass. ..., 15 N.E. (2d) 222 (appeal dismissed for want of substantial federal question, 305 U. S. 559).    In our statute there is a sweeping prohibition against the "use" of articles, whereas in Massachusetts it is the trafficking in them which is forbidden.    There thus comes into consideration of our statute the constitutional questions raised in the brief in behalf of the defendants.    It is not at all inconceivable that with this important distinction the Supreme Court of the United States would have found a substantial federal question of constitutional rights.

In the *Gardner* case the court said (p. 224 of 15 N.E. [2d]): "The relief here urged must be sought from the law-making department and not from the judicial department of government."    In these cases the answer can well be made that for years in Connecticut such suggested relief has been sought and always denied through a confusion of the real issue involved.

No decent person would deny the laudable objective of morality and chastity which is sought.    It is, however, common knowledge that many legislators voting against recognizing the medical aspect of the problem, appease intellectual integrity by a specious argument that reputable doctors and respectable married women will not be affected.  It is against this easy doctrine of inconsistency that high-minded members of the medical profession have inveighed.    Now comes the test.    The state has seen fit to raise in a test case and by gratuitously including this feature in the informations, the right of a doctor to prescribe.    The unaided language of the statute would offer no defense to a doctor facing prosecution for a violation of it.    Thus the question which must be determined is this:    Is a doctor to be prosecuted as a criminal for doing something that is sound and right in the best tenets and traditions of a high

calling dedicated and devoted to health? Should he be forced to practice furtively and in stealth rather than give up what his conscience and his honest professional judgment dictate?

The court has no right to read exceptions into the statute but is convinced that without these proper exceptions the statute is defective on the broad constitutional grounds set up in the demurrers. It would seem most desirable to have judicially determined, once and for all, a question so heatedly and so futilely debated at each legislative session.

Therefore, for the reasons therein stated, the demurrer in each of the above cases is sustained.